United States District Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JIMMY DESHAWN MOSLEY, JR, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00199 |
| § | |
| MCCONNELL UNIT, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Jimmy Deshawn Mosley, Jr. is a Texas inmate appearing *pro se* and *in forma pauperis*. His prisoner civil rights action, prepared on a 42 U.S.C. § 1983 civil rights form, is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

1 / 7

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Although difficult to decipher, Plaintiff appears to sue the following defendants in this case: (1) the McConnell Unit; (2) State of Texas Department of Mental Health; and (3) the Michael Unit Therapeutic Diversion Program. (*See* D.E. 1, pp. 1, 3).

Plaintiff alleges in his complaint that he was drugged, cut open, placed back in his cell, and date raped. He further alleges that he was framed in some capacity. According to Plaintiff, a new "tech device" was implanted in Plaintiff on some unspecified date. Plaintiff was then placed in a therapeutic program. Next, Plaintiff alleges that he reported head trauma and sexual assaults while house at the Michael Unit. Plaintiff seeks an MRI and other indecipherable relief.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give

rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

**IV.   DISCUSSION**

At the outset, neither the McConnell Unit nor the Michael Unit Therapeutic Diversion Program are entities capable of being sued in a § 1983 action. *See Sowell v. Estelle Medical Department*, No. H-20-3114, 2021 WL 4895912, at (S.D. Tex. Oct. 20, 2021) (recognizing that a prison unit or department within a prison facility does not have the requisite legal capacity to be sued and is not a "person" who can be sued under § 1983); *Bean v. McConnell Unit,* C.A. No. C–06–223, 2006 WL 2346295, at *2 (S.D. Tex. Aug.11, 2006) (holding that the McConnell Unit of the Texas Department of Criminal Justice is a not a proper defendant for a § 1983 complaint);

Plaintiff also seeks to sue a state entity described as the State of Texas Department of Mental Health. However, "[t]he Eleventh Amendment bars suit against state entities …

regardless of whether money damages or injunctive relief is sought under § 1983. *See Flaming v. University of Texas Medical Branch*, No. H-15-2222, 2016 WL 727941, *5 (S.D. Tex. Feb. 24, 2016) (citing *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988) and *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984)).

More importantly, Plaintiff offers baseless, irrational, and wholly incredible allegations. He alleges that he was drugged, cut open, placed back in his cell, date raped, and framed in some capacity. Plaintiff further alleges that a "new tech" device was implanted inside him in connection with his placement in a therapeutic program. He fails to present a logical and coherent set of allegations to support his delusional and incredible claims. The Court, therefore, is not bound to accept Plaintiff's allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (explaining that allegations must be accepted as true, unless they are clearly irrational, baseless, or wholly incredible). Accordingly, the undersigned respectfully recommends that Plaintiff's case be dismissed as frivolous. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) (explaining that "[a] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible") (citing *Denton*, 504 U.S. at 32-33).

## V. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on November 16, 2021.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).